UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY P. JOHNSON,<br><br>PETITIONER,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>RESPONDENT, | CASE NO: C07-0195-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendations of United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No. 26) and Petitioner's Objections thereto (Dkt. No. 29). Having reviewed the relevant materials submitted by the parties, the Court ADOPTS the R&R and DISMISSES the Petition for Writ of Habeas Corpus.

**I.    BACKGROUND**

Petitioner Anthony P. Johnson is currently in state custody pursuant to a 2000 conviction by jury verdict for murder in the second degree for the stabbing death of Eugene Michael Ruff. (Dkt No. 15.) Petitioner was originally charged in the alternative with two separate counts of murder in the first degree and felony murder in the second degree, both based on the murder of Mr. Ruff. The jury was presented with separate verdict forms for each count. The jury found Petitioner not guilty of the crime of murder in

ORDER – 1

the first degree, but guilty of the lesser included crime of intentional murder in the second degree (Count I). On a separate jury verdict form, the jury found petitioner guilty of felony murder in the second degree (Count II). The trial court entered a judgment and sentence stating that "Counts I & II merge into one conviction of murder in the Second Degree." (Dkt. 15.)

On February 8, 2007, Petitioner submitted to the Court for review a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 4.) Petitioner raises five grounds for relief in his habeas petition and Objections to the R&R. (Dkt. 7 at 16–19 & Dkt. 12.) The Magistrate Judge properly addressed and dismissed these grounds in her R&R and Petitioner's Objections do not raise grounds on which relief may be granted.

## II. ANALYSIS

Petitioner's first four grounds for habeas relief may be condensed into a single legal question. Were petitioner's rights under the due process and double jeopardy clauses of the U.S. Constitution violated when the jury returned guilty verdicts for two alternative means of murder based upon a single homicide? Petitioner claims that the jury's findings that he was guilty of a single murder under both counts violated the double jeopardy and due process clauses. The R&R properly addressed and dismissed these claims and Petitioner fails to raise any additional challenges in his Objections to the R&R.

Petitioner's fifth ground is separate from the issues of double jeopardy and shall be handled independently. Petitioner argues that the habeas petition should be granted for three reasons. First, that the State obtained the conviction by means of perjured testimony or false evidence. Second, that defense counsel was ineffective for failing to investigate and call witnesses to impeach the alleged perjured testimony and false evidence. Third, that the stay placed on Petitioner's personal restraint petition should have tolled the one-year statute of limitations for collateral attacks. The Magistrate Judge found the arguments contained in Petitioner's fifth ground to be procedurally barred. (Dkt. No. 45 at 14.)

However, in his Objections, Petitioner asserts that habeas relief should nevertheless be granted because a full record was not before the Magistrate Judge and a complete record would have shown that

ORDER – 2

1  the conviction rested on false evidence. Forty-eight pages of the trial proceedings report of June 13,
2  2000, were not contained in the trial record before the Magistrate Judge. (Dkt. No. 27.)  Under no
3  objection from the Respondent, these pages were subsequently added to the record. (Dkt. No. 31.)
4  Despite this omission in the record before the Magistrate, Petitioner acknowledges that this portion of the
5  record *was* before the Washington State Court of Appeals. (Dkt. No. 27 at 2.) In addition, Petitioner fails
6  to explain how the omitted portions of the record would have influenced the Magistrate Judge's Report
7  and Recommendations. Furthermore, an independent review of the information contained in the missing
8  portion of the record does not reveal any grounds for relief.
9      The remaining arguments made in Petitioner's Objections are not new and have been properly
10 addressed by the Magistrate Judge.

11 **III.    CONCLUSION**

12     For the reasons explained in the R&R, Petitioner's claim cannot succeed. Accordingly, the Court
13 ADOPTS the R&R and DISMISSES the Petition for Writ of Habeas Corpus with prejudice.

15     SO ORDERED this 4th day of October, 2007.

           John C. Coughenour
           United States District Judge

26 ORDER – 3