UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY P. JOHNSON,

              Petitioner,

   v.

TIMOTHY WENGLER,

              Respondent.

CASE NO. C07-0195-JCC

ORDER

    This matter comes before the Court on Petitioner Anthony P. Johnson's "Request/Petition for Certificate of Appealability" (Dkt. No. 41) regarding this Court's denial of Mr. Johnson's petition for a writ of habeas corpus. (Dkt. No. 34.) Having determined that oral argument is not necessary, the Court hereby GRANTS Petitioner's motion in part and DENIES it in part.

**I.    LEGAL STANDARD[1]**

    Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner challenging a detention imposed by a state court must first make an application for a Certificate of Appealability ("COA") before the Court of Appeals may act on his request for appellate review. 28

---

[1] Because the parties are familiar with the factual and procedural history of this case, the Court does not recount it here except as necessary to explain its reasoning.

ORDER – 1

U.S.C. § 2253(c)(1)(A). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has interpreted this provision as requiring the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard is not as strict as it might initially appear:

> A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotations and citations omitted).

## II.   ANALYSIS

Mr. Johnson requests the Court issue a COA on two grounds:

(1)   As charged and tried, did the two jury findings create an inconsistency and repugnancy in the verdicts such that Petitioner was deprived of his constitutional rights to due process and trial by jury?

(2)   Was Petitioner's counsel ineffective in addressing perjured testimony and other false evidence introduced by the State at trial such that Petitioner's Sixth Amendment right to counsel was violated?

### A.   *Reasonable Jurists Could Debate Whether the Verdicts Were Inconsistent*

Mr. Johnson was charged in the alternative with two separate counts of murder—murder in the first degree and felony murder in the second degree. The jury was presented with separate verdict forms for each count. As to Count I, the jury found Mr. Johnson not guilty of the crime of murder in the first degree, but guilty of the lesser included crime of intentional murder in the second degree. As to Count II, on a separate verdict form, the jury found Mr. Johnson guilty of felony murder in the second degree. The trial count entered a judgment and sentence stating that "Counts I and II merge into one conviction of murder in the second degree." (Dkt. No. 15.)

Mr. Johnson seeks a COA on the issue of whether his conviction for second degree murder, resulting from the Court's merger of unanimous jury verdicts finding him guilty of intentional murder in

ORDER – 2

the second degree and felony murder in the second degree, are inconsistent and repugnant as a matter of law, and as such deprived him of his constitutional rights to due process and trial by jury. (Dkt. No. 41 at 2.) More specifically, Mr. Johnson argues that the alternative means of second degree murder of which the jury found him guilty cannot have the same *mens rea*. Intentional murder necessarily requires a finding that Petitioner acted with an intent to kill, whereas in this case, where second degree assault was the underlying felony for the felony murder charge, a conviction of felony murder requires a finding that Petitioner acted with the requisite intent to commit second degree assault. *See* WASH. REV. CODE 9A.36.021(1) (stating that a person commits second degree assault when, under circumstances not amounting to first degree assault, she, e.g., intentionally assaults another and thereby recklessly inflicts substantial bodily harm).

In the instant motion, Mr. Johnson emphasizes that the consistency of the charged offenses have never been considered by the state supreme court. For the reasons set forth in the Report and Recommendation, this Court found that Mr. Johnson failed to demonstrate that an alleged inconsistency in the verdicts violated federal law, or that the state court decisions holding that alternative means to commit second degree murder are not repugnant was either contrary to or an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court. (R&R 20 (Dkt. No. 26).) Further, the Court found that Petitioner failed to demonstrate that the two second degree murder verdicts were necessarily inconsistent. (*Id.* 22.) However, jurists of reason may debate whether it is repugnant and inconsistent for a jury to find that a person acted with both an intent to commit second degree assault and an intent to kill in the commission of the same crime. As such, the Court GRANTS the request for a COA on this ground.

### B. *Petitioner Makes No Argument That His Ineffective Assistance Claim Was Improperly Barred*

The Court determined that Mr. Johnson's ineffective assistance claim was procedurally barred due to his failure to exhaust his state court remedies.

ORDER – 3

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484 (emphasis added). In his Motion for COA, Mr. Atkins fails to make any argument challenging the Court's procedural ruling. Consequently, the Court DENIES the request for a COA on this ground.

### III.   CONCLUSION

Petitioner's Motion for a COA is hereby GRANTED in part and DENIED in part. The Court GRANTS the COA on the issue of whether the two jury verdicts were inconsistent and repugnant so as to deprive Petitioner of his constitutional rights to due process and trial by jury.

The clerk is DIRECTED to send a copy of this Order to the Ninth Circuit Court of Appeals.

SO ORDERED this <u>19th</u> day of December, 2007.

John C. Coughenour
United States District Judge

ORDER – 4